IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR418-167 |
| | ) | |
| EDWARD MAYNOR, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is Defendant's Daubert Motion and/or Motion in Limine Regarding the Testimony of the Government's Expert Witness, Phillip Hopper. (Doc. 87.) In his motion, Defendant seeks to exclude the testimony of the Government's expert witness that Defendant's DNA was on the rifle because "that fact does not assist the jury in determining whether the Defendant possessed the rifle." (Id. at 5.) For the following reasons, Defendant's motion is **DENIED**.

Defendant seeks to exclude the testimony of Mr. Hopper pursuant to Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993). The admission of expert testimony is controlled by Federal Rule of Evidence 702:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

"As the Supreme Court made abundantly clear in <u>Daubert</u>, Rule 702 compels district courts to perform the critical gatekeeping function concerning the admissibility of expert scientific evidence." <u>United States v. Frazier</u>, 387 F.3d 1244, 1260 (11th Cir. 2004) (internal quotation omitted). The Eleventh Circuit Court of Appeals has explained that district courts fulfill that function by engaging in a three-part inquiry, considering whether:

> (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as to be determined by the sort of inquiry mandated in <u>Daubert</u>; and (3) the testimony assists the trier of fact, through the application of scientific . . . expertise, to understand the evidence or to determine a fact in issue.

<u>Frazier</u>, 387 F.3d at 1260. Here, Defendant raises an issue concerning the third prong: whether Hopper's testimony will assist the trier of fact to understand the evidence or to determine a fact in issue. (Doc. 87 at 5.)

Defendant states that the "[w]hether the Defendant possessed the firearm is the fact in issue," and simultaneously

contends that Hopper's testimony about the presence of Defendant's DNA on the firearm "does not assist the jury in determining whether the Defendant possessed the rifle." (Id.) The Court rejects this argument. The presence of DNA, and the accompanying testimony of how DNA can arrive on an object, is the exact kind of testimony that would assist a jury in determining whether Defendant possessed the firearm. Defendant also argues that the Government's expert cannot find that "beyond a reasonable doubt, the Defendant possessed the firearm" because "there are other plausible explanations for how the DNA could arrive on the gun." (Id. at 6.) The fact that Defendant believes that there are other explanations of how his DNA arrived on the firearm goes to the weight of the evidence, not the admissibility. Defendant may address these alternate theories and any inconsistencies in Hopper's testimony through vigorous cross-examination and presentation of contrary evidence. Daubert, 509 U.S. at 596, 113 S. Ct. at 2798. Accordingly, Defendant's motion (Doc. 87) is **DENIED**.

SO ORDERED this 21st day of October 2019.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3