IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. CR418-167 |
| | ) | |
| EDWARD MAYNOR, | ) | |
| | ) | |
| Defendant. | ) | |

## O R D E R

Before the Court is the Government's Motion in Limine to Exclude Impermissible Hearsay. (Doc. 95.) In its motion, the Government contends that Defendant will attempt to introduce his own self-serving statements to detectives and others, including statements made on jail calls, in an attempt to claim lack of knowledge and possession of the firearm. (Id. at 2.) The Government seeks to exclude these out-of-court statements made by Defendant as inadmissible hearsay. Defendant has filed a preliminary response to the Government's motion in limine. (Doc. 97.)

For the reasons that follow, the Government's Motion is **GRANTED**. If Defendant, without subjecting himself to cross-examination, seeks to introduce his out-of-court statements to prove that he had no knowledge of the firearm or did not possess it, then the statements go to the truth of the matter asserted and those statements constitute hearsay. Fed. R. Evid. 801(c).

The Eleventh Circuit Court of Appeals has previously observed that the defense's attempt to "elicit, through the cross-examination of Agent Anderson, [the defendant's] allegedly exculpatory statements at the time of his arrest," without subjecting the defendant to cross-examination is "precisely what is forbidden by the hearsay rule." United States v. Willis, 759 F.2d 1486, 1501 (11th Cir. 1985). The Willis court rejected the defendant-appellant's argument that the out-of-court statement was not hearsay because it was offered only to prove that the defendant had no knowledge of the plane's illicit cargo. In rejecting that argument, the Eleventh Circuit stated that whether defendant had knowledge of the cargo was the precise issue for which the statements would be offered, thus the statements were offered to prove the truth of the matter asserted, bringing the statements squarely within the definition of hearsay. Id. Similarly, a "defendant may not introduce his own exculpatory statement through another witness without subjecting himself to cross-examination." United States v. Vernon, 593 F. App'x 883, 890 (11th Cir. 2014) (citing United States v. Cunningham, 194 F.3d 1186, 1199 (11th Cir. 1999)).

In Defendant's preliminary response to the Government's motion in limine, Defendant notes that both Defendant and the Government intend to use the body-worn camera footage and that the Government stated that it would redact the video so as to

2

not to contain any admissible self-serving statements on the video. (Doc. 97 at 1.) Defendant requests that this Court order the Government to indicate which portions of the body-worn camera footage, and jail phone conversations, it intends to play and what portions it intends to redact and to further state what method of redaction it intends to use. (Id. at 1-2.) Defendant agrees to the audio being muted, but contends that redaction of Defendant's image should not be employed. (Id. at 2.) The Court finds that these objections are best addressed at trial.

Accordingly, the Government's Motion in Limine to Exclude Impermissible Hearsay (Doc. 95) is **GRANTED**. As a result, Defendant may not offer into evidence—either through cross-examination of Government witnesses, through questioning of third-party defense witnesses, or during opening statement—body-worn camera recordings, jail recordings, or other documents containing Defendant's own, out-of-court statements for the truth of the matter asserted.

SO ORDERED this 25th day of October 2019.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA